Gary M. Hnath (DC Bar No. 388896)
Amy E. Carroll*
Mayer Brown LLP
1999 K Street, NW
Washington, DC  20006
Tel: (202) 263-3000
ghnath@mayerbrown.com
acarroll@mayerbrown.com

Jonathan W. Thomas*
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York  10020
Tel: (212) 506-2500
Fax: (212) 849-5895
jwthomas@mayerbrown.com

(*pro hac vice motion to be submitted)

*Attorneys for Pallas Advisors LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PALLAS ADVISORS LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALLAS INDUSTRIES, INC.,<br><br>Defendant. | Case No. 1:23-cv-1706<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff Pallas Advisors LLC (hereinafter, "Pallas"), by and through its undersigned counsel, as and for its Verified Complaint against Defendant Pallas Industries, Inc. (hereinafter, "Defendant"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.　　Pallas brings this civil action to remedy the harm it is suffering from Defendant's unauthorized use of "PALLAS"-formative trademarks that are confusingly similar to Pallas's

"PALLAS"-formative marks.  In fact, Defendant's use of its PALLAS-formative marks caused actual consumer confusion almost immediately after Defendant began using them.

2.      On July 10, 2018, Pallas adopted its trade name, Pallas Advisors LLC; word marks "PALLAS" and "PALLAS ADVISORS" (the "PALLAS Word Marks"); and the inset logo (the "PALLAS Logo," together with the PALLAS Word Marks, the "PALLAS Marks"):



3.      Continuously over the past five years, Pallas has been using the PALLAS Marks in United States commerce in connection with advertising and offering its strategic advisory and consulting services in the fields of national and international security and emerging and disruptive technologies, and all involving the military, defense, government and/or geopolitics (collectively, "Pallas's Services").  As a result of many successful years of doing business in the security industry, as well as extensive advertising and promotional efforts over the course of the past five years, Pallas has established extensive brand recognition and consumer goodwill in the PALLAS Marks, such that relevant consumers associate the PALLAS Marks uniquely with Pallas's Services offered thereunder.

4.      Defendant is free-riding off of the PALLAS Marks and the PALLAS brand to attempt to manufacture turn-key demand for Defendant's services.

5.      On information and belief, in 2023—*i.e.*, *five* years after Pallas first used its PALLAS Marks in United States commerce in connection with Pallas's Services—Defendant adopted and began using the word marks "PALLAS" and "PALLAS INDUSTRIES" (the "Infringing PALLAS Word Marks"); the domain name <pallas.inc> (the "Infringing Domain Name"); and the inset logo (the "Infringing PALLAS Logo," together with the Infringing PALLAS

2

Word Marks, the "Infringing PALLAS Marks") in connection with advertising and offering services that are same and/or closely related to Pallas's Services, namely, research, development, and other services in the fields of national security and emerging technology:



6.    Defendant also operates from its headquarters in Arlington, Virginia, which is a mere five miles from where Pallas maintains its headquarters in Washington, D.C.

7.    Given the similarities between the parties' (i) marks and domain names, (ii) services, (iii) facilities from which the parties offer their services, (iv) advertising and trade channels, *and* (v) the parties' close geographic proximity, Defendant's Infringing PALLAS Marks have unsurprisingly already confused and deceived some of the most sophisticated individuals in the national-security industry into believing that they were dealing with Pallas when, in fact, they were dealing with Defendant.

8.    After learning in late-April 2023 that Defendant's Infringing PALLAS Marks had caused actual confusion, Pallas immediately took action and worked exhaustively over the past approximately six weeks to resolve this dispute out of court.  Despite these efforts, Defendant refused in recent days to agree to stop using its Infringing PALLAS Marks.

9.    Accordingly, to stop Defendant's use of its Infringing PALLAS Marks and remedy the harm they are causing to Pallas, Pallas brings this action for trademark infringement, unfair competition, false association, false designation of origin, false endorsement, and cybersquatting under the U.S. Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, and the District of Columbia's common law.

754352349.1

10.     To prevent immediate, irreparable, and immeasurable harm to the carefully curated reputation of the PALLAS brand and the goodwill symbolized by and appurtenant to the PALLAS Marks, Pallas also seeks a temporary restraining order, as well as preliminary and permanent injunctive relief, against Defendant's use of its Infringing PALLAS Marks and the Infringing Domain Name.

## THE PARTIES

11.     Pallas Advisors LLC is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 1050 Connecticut Avenue, N.W., Suite 1080, Washington, DC  20036, United States.

12.     On information and belief, Pallas Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 4733 Old Dominion Drive, Arlington, Virginia 22207, United States.

## JURISDICTION AND VENUE

13.     The claims in Counts I-III, *infra*, for trademark infringement, unfair competition, false association, false designation of origin, false endorsement, and cybersquatting arise under §§ 43(a) and (d) of the Lanham Act, to wit, 15 U.S.C. §§ 1125(a)(1)(a) and 1125(d)(1).  The claim in Count IV, *infra*, for trademark infringement and unfair competition arises under the District of Columbia's common law, and is so related to the federal claims in Counts I-III, *infra*, that it forms part of the same case or controversy.   Based on the foregoing, this Court has original jurisdiction, subject-matter jurisdiction, and supplemental jurisdiction over the claims for relief in this lawsuit pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a), as well as 15 U.S.C. § 1121(a).

14.     On information and belief, Defendant purposefully avails itself of the privilege of conducting business in this District on a regular and continuous basis.  Pallas's claims in this action

arise out of, and relate to, Defendant's regular and continuous business activities in this District. Accordingly, Defendant is subject to specific personal jurisdiction in this District.

15.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's activities out of which Pallas's claims arise occurred in this District.

16.     Venue also is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in the district, as alleged, *supra*.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.     Plaintiff's PALLAS Marks**

17.     Founded in 2018 by former high-ranking national security officials, Pallas has grown into one of the nation's most-trusted advisors for those who are looking to understand and excel in a competitive environment and capture new business, all in the fields of national and international security and related emerging technologies.

18.     To identify and distinguish Pallas's Services from those of others in the marketplace, Pallas adopted its PALLAS Marks on July 10, 2018.  The PALLAS Marks neither suggest nor describe the nature of Pallas's Services that it offers under its PALLAS Marks. Instead, the PALLAS Marks are arbitrary when used in connection with advisory and consulting services in the fields of international and national security, geopolitics, and corporate governance.

19.     Since 2018, Pallas's Services offered under its PALLAS Marks have received widespread consumer exposure throughout the United States and the world.

20.     For example, Pallas's Services offered under its PALLAS Marks have been the subject of unsolicited media coverage in publications such as *Politico, Defense News*, *Breaking Defense, Defense One*, and *FedScoop*.

754352349.1

21.     As another example, consumers regularly encounter the PALLAS Marks in widely circulated publications and viewed media outlets, such as *The New York Times*, *CNBC*, *PBS*, *ABC News*, *The Baltimore Sun*, and *Foreign Affairs*.

22.     As a further example of the widespread consumer exposure throughout the United States and the world that Pallas and the services it offers under its PALLAS Marks have received since 2018,  Pallas has sponsored and/or attended industry leading security conferences, events, and think tanks, including, for example: Association of the United States Army (AUSA), Reagan National Defense Forum, Center for Strategic and International Studies (CSIS), Center for New American Security (CNAS), Sedona Forum (McCain Institute), Air Force Association (AFA) Air, Space & Cyber Conference, AFCEA West, and Aspen Security Forum.

23.     Since 2018, Pallas has invested over one-million dollars into advertising and promoting Pallas's Services offered under its PALLAS Marks throughout the United States and the world.   During this period, Pallas also has continuously used its website, www.pallasadvisors.com, and social-media accounts (which have thousands of followers), to advertise and promote services under its PALLAS Marks.

24.     Since 2018, Pallas's Services offered under its PALLAS Marks have generated tens of millions of dollars in revenue for Pallas.

25.     Based on the widespread consumer exposure to Pallas's Services offered under its PALLAS Marks over the past five years, as well as Pallas's advertising efforts and sales success, the PALLAS Marks have become well known to the trade and to the general consuming public of the United States such that the PALLAS Marks identify Pallas as the source of Pallas's Services offered thereunder.

754352349.1

26.     Pallas also has taken extensive measures to ensure that the public associates the PALLAS brand and its PALLAS Marks with responsible citizenship and mission-driven principles.  For example, Pallas prominently uses its PALLAS Marks in connection with its Foundation, which aims to foster the education and professional development of emerging leaders from traditionally under-represented groups in global and national security.

## II.     Defendant's Infringing PALLAS Marks

27.     According to Defendant's website located at www.pallas.inc., it offers services in the fields of national and international security, security strategy, and emerging technology ("Defendant's Services").

28.     Pallas has been continuously advertising and offering Pallas's Services in the fields of, *inter alia*, national and international security, and emerging technology, under its PALLAS Marks since 2018.

29.     As shown on Defendant's website, "PALLAS" is the dominant portion of Defendant's Infringing PALLAS Logo that it uses to advertise Defendant's Services:



*See* https://www.pallas.inc/ (last accessed June 12, 2023).

30.     As shown on Pallas's website, "PALLAS" is the dominant portion of the PALLAS Logo that Pallas uses to advertise Pallas's Services:

754352349.1



*See* https://www.pallasadvisors.com/ (last accessed June 12, 2023).

31.     Defendant regularly uses its Infringing PALLAS Word Marks, standing alone, to advertise and offer Defendant's Services, including, for example, on Defendant's website and on the one of the nation's leading funding websites, *Crunchbase*:

> Named for the Greek goddess of wisdom, strategic warfare, and handicraft, Pallas was founded on the premise that maintaining global peace and prosperity requires unrivaled American strength.  Strength that has slowly eroded over the past few decades.
>
> The nation's preeminence in military technology cannot be taken for granted today and can only be assured by taking a new approach to national security development and production: one that focuses on short, iterative design cycles and rapid testing in development phases, and modern commercial manufacturing approaches for production at scale.
>
> Pallas exists to employ this approach and ensure America and its allies have the low-cost, high-impact capabilities needed to defend our interests for the next century and beyond.

754352349.1



*See* https://www.pallas.inc/about (last accessed June 12, 2023); *see also* https://www.crunchbase.com/organization/pallas-4707 (last accessed June 12, 2023).

32.    Pallas regularly uses its PALLAS Word Mark, standing alone, to identify and distinguish Pallas's Services, including, for example, on Pallas's website:



*See* https://www.pallasadvisors.com/ (last accessed June 12, 2023).

754352349.1

33.     Like Pallas, Defendant conducts its business operations from the Greater Washington D.C. area.

34.     On information and belief, Defendant uses the same type of facilities as Pallas to advertise and offer Defendant's Services under the Infringing PALLAS Marks, including, for example, face-to-face-meetings, telephone calls, emails, and the Internet.

### III.    Pallas's Recent Discovery of Defendant's Infringing PALLAS Marks and the Actual Confusion That Defendant's Infringing PALLAS Marks Have Already Caused

35.     Over the course of 10 days from mid-to-late April 2023, Pallas had been unsuccessfully attempting to contact the Office of the Director of the Air Warfare Division of the Navy.  When Pallas's employee was eventually able to speak on the phone with a representative of the Naval Office on April 20, 2023, the representative expressed that they were not responsive to Pallas's above-referenced attempts to contact the Navy office because the Navy office thought that they were already in touch with Pallas.  But the Navy office was not in touch with Pallas; instead, they were doing business with Defendant Pallas Industries.  In other words, Defendant's Infringing PALLAS Marks confused and deceived the highly sophisticated Office of the Director of the Air Warfare Division of the Navy into believing that it was doing business with Pallas and its PALLAS brand when, in fact, it was doing business with Defendant and its copycat PALLAS brand.

36.     This actual confusion confirmed to Pallas that the parties offer their services in the same channels of trade (*e.g.*, to businesses operating in the area of national and international security) and to the same classes of consumers.   Accordingly, Pallas immediately began investigating Defendant and its Infringing PALLAS Marks.  During that investigation, Pallas discovered that at least one of Defendant's investors, Lavrock Ventures, is well known to Pallas due to an ongoing business relationship.   Accordingly, and on information and belief, Defendant

adopted and began using the Infringing PALLAS Marks to offer the same and/or closely related services with knowledge of Pallas's prior rights in and to the PALLAS Marks. On information and belief, Defendant had not used the term "Pallas" or any other term that consisted of "Pallas" in whole and/or in part to advertise and/or offer any goods and/or services in the United States prior to 2023.

## IV.   Pallas's Efforts to Resolve this Matter

37.    Shortly after discovering Defendant's Infringing PALLAS Marks, as well as the fact that they had already caused actual confusion, one of Pallas's Founding Partners, Sally Donnelly, spoke by telephone with one of Defendant's principals, Bryon Hargis, on April 27, 2023 (the "April 27 Phone Call").

38.    During the April 27 Phone Call, Ms. Donnelly informed Mr. Hargis that Defendant's Infringing PALLAS Marks had already caused actual confusion, and that it was a problem that needed to be solved. During the April 27 Phone Call, Mr. Hargis indicated to Ms. Donnelly that Defendant would prefer to resolve the parties' dispute amongst themselves (*i.e.*, without involving outside counsel).

39.    Between the April 27 Phone Call and May 19, 2023, the parties exchanged a series of settlement-related emails and phone calls. However, on May 19, 2023, Defendant indicated to Plaintiff that Defendant would not stop using its Infringing PALLAS Marks.

40.    Having exhausted the possibility of resolving this dispute internally, Pallas had its outside/undersigned counsel send Defendant a letter on May 23, 2023, requesting that Defendant cease and desist use of the name and mark "PALLAS" and any variations thereof, including the corporate name Pallas Industries, Inc. (the "May 23 Letter").

41.     Pallas's May 23 Letter requested a response from Defendant by June 6, 2023. Defendant did not respond during regular business hours on June 6, so Pallas sent Defendant a follow-up communication in the evening of June 6, requesting a response to the May 23 Letter.

42.     Still having not heard from Defendant, Pallas sent Defendant an email on June 7, 2023, stating that Pallas would immediately commence this lawsuit and seek a preliminary injunction against Defendant's use of the Infringing PALLAS Marks.  Later that day, Pallas received a letter from Defendant's outside counsel who, in *ipse dixit* fashion, reserved an additional two weeks (*i.e.*, until June 21, 2023) for Defendant to decide whether to stop using the identical and Infringing PALLAS Marks.

43.     Given the actual consumer confusion that Defendant has already caused by using its Infringing PALLAS Marks, and Defendant's refusal, to date, to stop using the Infringing PALLAS Marks, Defendant leaves Pallas with no choice but to bring this action and seek a temporary restraining order, preliminary injunction, and permanent injunction to prevent the immediate, irreparable, and immeasurable harm that Defendant's use of the Infringing PALLAS Marks is causing, and will continue causing, to the carefully curated reputation of the PALLAS brand and PALLAS Marks.

## **CLAIM FOR RELIEF**

### **FIRST CLAIM FOR RELIEF**
*(Trademark Infringement Under 15 U.S.C. § 1125(a)(1)(A))*

44.     Pallas repeats and incorporates by reference paragraphs 1-43 of the Verified Complaint as though fully set forth herein.

45.     This First Claim of Relief is for federal trademark infringement under 15 U.S.C. § 1125(a)(1)(A).

754352349.1

46.     Pallas owns and has the exclusive right to use the PALLAS Marks in United States commerce for services provided in the fields of national and international security, including military, defense, governmental and geopolitical sectors.

47.     The PALLAS Marks are inherently distinctive in relation to Pallas's Services that Pallas offers thereunder.  The PALLAS Marks also have acquired distinctiveness and enjoy a high degree of strength as a source-identifier of and for Pallas's Services that Pallas offers under its PALLAS Marks.

48.     Pallas's exclusive rights in and to the PALLAS Marks predate any rights that Defendant could establish in or to the Infringing PALLAS Marks.  Therefore, Pallas has priority over Defendant.

49.     Defendant is using the Infringing PALLAS Marks in commerce to advertise, market, promote, offer for sale, sell and/or provide Defendant's Services and related products in the fields of national and international security.

50.     The Infringing PALLAS Marks that Defendant uses are identical in sight, sound, meaning, and commercial impression to Pallas's PALLAS Marks.

51.     The Services and related products that Defendant offers under the Infringing PALLAS Marks, on the one hand, and Pallas's Services identified by Pallas's PALLAS Marks, on the other hand, are the same and/or of the type that consumers would expect to originate with Pallas, namely, services concerning international and national security, and emerging technologies.

52.     The Services and related products that Defendant offers under the Infringing PALLAS Marks, on the one hand, and Pallas's Services identified by Pallas's PALLAS Marks, on

754352349.1

the other hand, appeal to overlapping customer bases, namely, members of the military, defense, governmental, and geopolitical sectors.

53.     Defendant offers its Services and related products under the Infringing PALLAS Marks in close geographic proximity to Pallas, namely, Arlington, Virginia versus Washington, D.C.

54.     Consumers encountering Defendant's Services and products offered under the Infringing PALLAS Marks, on the one hand, and Pallas's Services offered under Pallas's PALLAS Marks, on the other hand, are in overlapping and, in some cases, identical trade channels that involve the military, the government, and/or geopolitical organizations.

55.     Defendant's use of the Infringing PALLAS Marks in interstate commerce has caused actual confusion, and is likely to continue causing consumer confusion and deception about the affiliation, connection, approval, sponsorship and/or association of Pallas and/or Pallas's Services, on the one hand, with Defendant and its Services and products, on the other.

56.     Pallas has not consented to Defendant's actions, including, without limitation, the use of the Infringing PALLAS Marks in commerce to advertise and/or offer any goods or services of any type.

57.     Based on Pallas's use of the PALLAS Marks in the same industries as Defendant, on information and belief, Defendant had actual and constructive knowledge of Pallas's superior rights in and to the PALLAS Marks prior to Defendant's adoption and use of the Infringing PALLAS Marks, and continues to use the Infringing PALLAS Marks with actual knowledge of its infringing conduct.

58.     Upon information and belief, Defendant's use of the name and trademark PALLAS, either standing alone or as part of any composite mark or business name (including, without

limitation, the Infringing PALLAS Marks), as alleged herein, infringes Pallas's PALLAS Marks in violation of 15 U.S.C. § 1125(a)(1)(A).

59.     Pursuant to 15 U.S.C. § 1117, Pallas seeks the costs of this action; its damages; Defendant's profits; treble damages; treble profits; and reimbursement of Pallas's reasonable attorneys' fees.

60.     Pallas has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complied of herein, unless restrained by law.

61.     Pallas has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
*(Unfair Competition, False Endorsement, False Association, and*
*False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A))*

62.     Pallas repeats and incorporates paragraphs 1-61 of the Verified Complaint as though fully set forth herein.

63.     This Second Claim of Relief is for federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a)(1)(A).

64.     On information and belief, Defendant's conduct alleged herein, including its use of the Infringing PALLAS Marks, constitutes unfair competition, false endorsement, false association, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

65.     Pursuant to 15 U.S.C. § 1117, Pallas seeks the costs of this action; its damages; Defendant's profits; treble damages; treble profits; and reimbursement of Pallas's reasonable attorneys' fees.

66.     Pallas has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complied of herein, unless restrained by law.

67.     Pallas has no adequate remedy at law.

754352349.1

## THIRD CLAIM FOR RELIEF
*(Cybersquatting Under 15 U.S.C. § 1125(d)(1))*

68.     Pallas repeats and incorporates paragraphs 1-67 of the Verified Complaint as though fully set forth herein.

69.     This Third Claim for Relief is for cybersquatting under the federal Anti-Cybersquatting Consumer Protection Act, to wit, 15 U.S.C. § 1125(d)(1).

70.     Defendant uses the Infringing Domain Name <pallas.inc> in connection with the sale, offering for sale, advertising and/or provision of services and/or products.

71.     On information and belief, Defendant created, and is the registrant of, the Infringing Domain Name <pallas.inc>.  The creation date for the Infringing Domain Name <pallas.inc> is September 17, 2022.

72.     Pallas's PALLAS Marks were distinctive of Pallas's Services on and/or before September 17, 2022.

73.     The Infringing Domain Name <pallas.inc> incorporates the entirety of Pallas's PALLAS Word Mark into its second level, which, on information and belief, is the portion of the domain name that consumers view and remember.  The .inc top-level portion of the domain name <pallas.inc> is generic and does not identify Defendant or distinguish its Services from Pallas's Services that Pallas offers under its PALLAS Marks.  Based on the foregoing, Infringing Domain Name <pallas.inc> is identical to Pallas's PALLAS Marks.

74.     Defendant's use of the Infringing Domain Name <pallas.inc> also is likely to cause confusion about the source, sponsorship, affiliation, and/or endorsement of Defendant's website, business, and products because Defendant uses the Infringing Domain Name to advertise Services that are the same as and/or closely related to Pallas's Services that Pallas offers under its PALLAS Marks.

754352349.1

75.     Upon information and belief, Defendant has a bad-faith intent to profit from its registration, creation, acquisition, and/or use of the Infringing Domain Name <pallas.inc> as evidenced by, *inter alia:* (i) its use of the domain name in willful disregard of Pallas'ss rights; (ii) its use of the Infringing Domain Name to perpetuate willful trademark infringement; (iii) its use of the Infringing Domain Name to divert customers from Pallas; (iv) its use of the Infringing Domain Name for commercial activities; and (v) its lack of prior rights in and to any term consisting of "Pallas" prior to registering, creating, acquiring, and or using the domain name.

76.     On information and belief, Defendant's creation, registration, acquisition, and/or use of the Infringing Domain Name <pallas.inc> constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

77.     Upon information and belief, Defendant has gained profits by virtue of its infringement of the PALLAS Marks and the cyberpiracy related thereto.

78.     Pursuant to 15 U.S.C. § 1117, Pallas seeks the costs of this action; its damages; Defendant's profits; treble damages; treble profits; and reimbursement of Pallas's reasonable attorneys' fees.

79.     Pursuant to 15 U.S.C. § 1125(d), Pallas seeks the transfer of the Infringing Domain Name from Defendant to Pallas.

80.     Pallas has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complained of herein, unless restrained by law.

81.     Pallas has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
*(Trademark Infringement and Unfair Competition Under D.C. Common Law)*

82.     Pallas repeats and incorporates paragraphs 1-81 of the Verified Complaint as though fully set forth herein.

83.     This Fourth Claim for Relief is for trademark infringement and unfair competition under the District of Columbia's common law.

84.     On information and belief, Defendant's conduct alleged herein, including its use of the Infringing PALLAS Marks, constitutes trademark infringement and/or unfair competition in violation of the District of Columbia's common law.

85.     Pursuant to the District of Columbia's common law, Pallas seeks its damages and Defendant's profits.

86.     Pallas has suffered, and will continue to suffer, irreparable harm from Defendant's acts and conduct complied of herein, unless restrained by law.

87.     Pallas has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Pallas prays that this Court enter judgment in its favor and against Defendant as follows:

1.      An Order declaring that Defendant's use of "Pallas," including as incorporated into any associated business name or marks (including, without limitation, the Infringing PALLAS Marks), as alleged herein infringes Pallas's PALLAS Marks in violation of 15 U.S.C. § 1125(a)(1)(A);

2.      An Order declaring that Defendant's use of "Pallas," including as incorporated into any associated business name or marks (including, without limitation, the Infringing PALLAS Marks), constitutes unfair competition, false association, false endorsement, and/or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A);

3.      An Order declaring that Defendant's registration, creation, acquisition, and/or use of the Infringing Domain Name <pallas.inc>, as alleged herein, constitutes cybersquatting in

violation of 15 U.S.C. § 1125(d);

4.      An Order declaring that Defendant's use of "Pallas," including as incorporated into any associated business name or marks (including, without limitation, the Infringing PALLAS Marks), constitutes trademark infringement and unfair competition in violation of the District of Columbia's common law;

5.      An Order, pursuant to FED. R. CIV. P. 65(b), that temporarily restrains Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

a.      From using, registering, or seeking to register the Infringing PALLAS Marks or "Pallas" in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to Pallas's PALLAS Marks;

b.      From using the Infringing Domain Name <pallas.inc> or using, registering, or seeking to register any other domain name that is identical and/or confusingly similar to Pallas's PALLAS Marks;

c.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Pallas or sponsored by or affiliated with Pallas in any way; and

d.      From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in this paragraph 5 and its subparts;

6.      An Order, pursuant to FED. R. CIV. P. 65(a) and 15 U.S.C. § 1116(a), that

754352349.1

preliminarily and permanently enjoins Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    a.    From using, registering, or seeking to register the Infringing PALLAS Marks or "Pallas" in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to Pallas's PALLAS Marks;

    b.    From using the Infringing Domain Name <pallas.inc> or using, registering, or seeking to register any other domain name that is identical and/or confusingly similar to Pallas's PALLAS Marks;

    c.    From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant are associated or connected in any way with Pallas or sponsored by or affiliated with Pallas in any way; and

    d.    From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in this paragraph 6 and its subparts;

7.    An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Pallas's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

8.    An Order, pursuant to 15 U.S.C. § 1118, directing Defendant to destroy all signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the Infringing PALLAS Marks, or any other marks, logos, designs, designations, or indicators that are confusingly similar to Pallas's PALLAS Marks;

754352349.1

9.      An Order, pursuant to 15 U.S.C. § 1117:

a.      requiring Defendant to pay Pallas damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages;

b.      requiring Defendant to account for and pay to Pallas any and all profits in an amount as yet undetermined arising from the foregoing acts, and trebling such damages;

c.      awarding to Pallas its costs in this action;

d.      declaring Defendant's conduct alleged herein to be "exceptional" and awarding to Pallas its reasonable attorneys' fees in this action;

10.      An Order, pursuant to 15 U.S.C. § 1125(d), directing Defendant to cease use of the Infringing Domain Name <pallas.inc> and surrender and/or transfer the Infringing Domain Name to Pallas; and

11.      Award to Pallas any other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the FEDERAL RULES OF CIVIL PROCEDURE, Pallas hereby demands a trial by jury with respect to all issues and claims, asserted by any party, triable of right by a jury, in the above-captioned action.

Dated:  June 12, 2023

Respectfully submitted,

**MAYER BROWN LLP**

By: _/s/ Gary M. Hnath_
Gary M. Hnath (DC Bar No. 388896)
Amy E. Carroll*
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
ghnath@mayerbrown.com
acarroll@mayerbrown.com

Jonathan W. Thomas*
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York  10020
Tel: (212) 506-2500
Fax: (212) 849-5895
jwthomas@mayerbrown.com

(*pro hac vice motion to be submitted)

_Attorneys for Pallas Advisors LLC_

754352349.1

I, Sally Donnelly, am a Founding Partner of Pallas Advisors LLC, the Plaintiff in this lawsuit. I have read this Verified Complaint. I verify under penalty of perjury that the contents of this Verified Complaint are true and correct. Executed on this 12th day of June, 2023.

Sally Donnelly

State of _____

County of District of columbia

Signed and sworn before me on this 12th day of June, 2023 by Sally Donnelly

Notary Public

Seal:

CARMEN L. WOODSON
District of Columbia Notary Public
My Commission Expires March 14, 2028

23

764348265.1